**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUSTIN MARCHI,<br>　　　　　　Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, as Loan Servicer on behalf of owner/investor Freddie Mac,<br>　　　　　　Defendants. | Civil Action No.: 16-6044 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

　　This matter comes before the Court by way of Defendant Nationstar Mortgage, LLC's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (ECF No. 6). Plaintiff has opposed said motion (ECF No. 7("Pl. Opp. Br.")), to which Defendant has replied to. (ECF No. 8). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Defendant's Motion.

## BACKGROUND[1]

　　On October 27, 2016, Plaintiff filed an action against Defendant Nationstar Mortgage, LLC for breach of contract. (ECF No. 1 ("Compl.")). Plaintiff claims that on October 12, 2011 non-party Barnk of America, N.A. loaned him $183,750.00 to purchase a certain piece of property located in Bergen County, New Jersey. (Compl. ¶¶ 8, 12). Plaintiff executed both a note and

---

[1] This background is derived from Plaintiff's Amended Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

mortgage in connection with the loan. (Compl. ¶¶ 12-13). At the time Plaintiff executed said documents, Plaintiff agreed to make monthly payments of $1,000.49 to Bank of America, N.A. (Compl. ¶ 13).

On or about October 15, 2012, Defendant acquired the "Loan Servicing rights from Bank of America, N.A." (Compl. ¶ 16). In January of 2015, Plaintiff was laid off from his job and "began to experience [] financial hardship." (Compl. ¶ 19). Accordingly, Plaintiff sought to modify his load with Defendant. (Compl. ¶¶ 21-22). However, Defendant rejected Plaintiff's loan modification application on July 16, 2013. (Compl. ¶ 27). Plaintiff continued his efforts, but he was unsuccessful and ultimately advised, by way of telephone, that the modification could not be granted on September 23, 2013. (Compl. ¶¶ 28-31).

Thereafter, and on or about October 1, 2013, Plaintiff was advised by Defendant that he would be required to pay an additional escrow amount of $364.26 as a part of his monthly mortgage payment under the note. (Compl. ¶ 38). Plaintiff claims he "was never informed that this additional escrow amount would occur and challenged Defendant [] as to this additional fee which has been occurring since October 1, 2013." (Compl. ¶ 39). Defendant advised Plaintiff that the increase "'was part of the [loan] modification process and was irreversible.'" (*Id.*).

Accordingly, Plaintiff brought the within action asserting a single count for breach of contract on September 28, 2016. (*see generally* Compl.). Plaintiff's complaint seeks "*monetary damages in the principal amount of $13,798.92* ([c]alculated based upon the additional escrow amounts of $364.26 for (6) months, $404.58 for the month of April, 2014, $370.16 from the months of May to October, 2014, $370.56 from the months of November 2014 to October, 2015, and $412.86 from the months (*sic*) of November 2015 to present)." (Compl. ¶ 50)(emphasis added).

Additionally, Plaintiff seeks "$10,000.00 for relocation expenses incurred as a result of Defendant's" conduct. (Compl. ¶ 51).

## ANALYSIS

### I. Motion to Dismiss Pursuant for Lack of Subject Matter Jurisdiction

Under Rule 12 (b)(1) of the Federal Rules of Civil Procedure, a Defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Plaintiff, as the party asserting jurisdiction, bears the burden to establish the federal court's authority to hear the matter. *Packard v. Providential Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). Pursuant to 28 U.S.C. § 1332, this Court may hear actions where Plaintiff alleges complete diversity and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). The Court must look to the face of the pleadings and the proofs to determine whether the plaintiff meets this amount by a "legal certainty." *St. Paul Mercury Indent. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). A Court is without subject matter jurisdiction if a plaintiff fails to allege the requisite amount in controversy. *See, e.g., Prof'l Cleaning & Innovative Bldg. Servs. V. Kennedy Funding, Inc.*, 2009 WL 1651131, at *14 (D.N.J. June 12, 2009).

Here, Plaintiff's Complaint must be dismissed as he has failed to properly allege the requisite $75,000.00 amount in controversy required by 28 U.SC. § 1332(a). While Plaintiff's Complaint states that the amount in controversy amount is met because the "appraised value of the property and the allegations presented herein exceed[] $75,000.00," (Compl. ¶ 10), Plaintiff actually seeks damages totaling $23,798.92. (*see* Compl. "Prayer for Relief" ¶¶ 1, 3). As discussed, without the necessary amount of controversy, this Court is without subject matter jurisdiction. Accordingly, Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal

Rules of Civil Procedure is granted, as Plaintiff's Complaint fails to confer subject matter jurisdiction upon this Court pursuant to 28 U.S.C. § 1332.

Plaintiff's Opposition requests that he be given the opportunity to amend this Complaint to include an additional count under New Jersey's Consumer Fraud Act, which, he claims, will satisfy the jurisdiction amount. Pl. Opp. Br. at p. 2. While this Court is currently unpersuaded that said cause of action would increase the amount in controversy as to satisfy 28 U.S.C. § 1332, Defendant's Motion to Dismiss is granted without prejudice, in order to afford Plaintiff an additional opportunity to correct his deficient pleading.

## CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss the Complaint is granted without prejudice.

DATED: December 5, 2016

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE