NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUSTIN MARCHI,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, as Loan Servicer on behalf of owner/investor Freddie Mac,<br><br>    Defendant. | Civil Action No.: 16-6044 (JLL)<br><br>OPINION |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant Nationstar Mortgage, LLC's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (ECF No. 21).[1] Plaintiff has opposed said motion (ECF No. 23 ("Pl. Opp. Br.")), to which Defendant has replied. (ECF No. 24). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Defendant's Motion.

## I.    BACKGROUND[2]

On October 27, 2016, Plaintiff filed an action against Defendant Nationstar Mortgage, LLC

---

[1] The Court notes that Defendant's Motion to Dismiss was initially filed as a response to Plaintiff's improper Motion for Leave to File an Amended Complaint. On July 6, 2017, Magistrate Judge A. Dickson, U.S.M.J. denied Plaintiff's Motion for Leave to File an Amended Complaint, as same was moot based on prior Orders, filed Plaintiff's attached Proposed Amended Complaint, and converted Defendant's response to Plaintiff's Motion for Leave to File an Amended Complaint to a Motion to Dismiss. (ECF No. 22). Accordingly, the Court treats Defendant's response to Plaintiff's Motion for Leave to File an Amended Complaint as a Motion to Dismiss.
[2] This background is derived from Plaintiff's Amended Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

for breach of contract, asserting diversity jurisdiction. (ECF No. 1). Plaintiff's Complaint was dismissed for lack of subject matter jurisdiction on December 5, 2016. (ECF Nos. 9, 10). Specifically, the Complaint was dismissed as it failed to meet the amount in controversy requirement set forth in 28 U.S.C. § 1332(a). (Id.; id.). Plaintiff has since filed an Amended Complaint asserting claims for breach of contract and breach of the implied covenant of good faith and fair dealing. (ECF No. 17 ("FAC")).

Plaintiff claims that, on October 12, 2011, non-party Bank of America, N.A. loaned him $183,750.00 to purchase a certain piece of property located in Bergen County, New Jersey. (FAC ¶¶ 3, 17). Plaintiff executed both a note and mortgage in connection with the loan. (FAC ¶¶ 18-19). At the time Plaintiff executed said documents, Plaintiff agreed to make monthly payments of $1,000.49 to Bank of America, N.A. (FAC ¶ 18).

On or about October 15, 2012, Defendant acquired the "Loan servicing rights from Bank of America, N.A." (FAC ¶ 21). In January of 2013, Plaintiff was laid off from his job and "began to experience [] financial hardship." (FAC ¶ 26). Accordingly, Plaintiff sought to modify his loan with Defendant. (FAC ¶¶ 26-30). However, Defendant rejected Plaintiff's loan modification application on July 16, 2013. (FAC ¶ 32). Plaintiff continued his efforts, but he was unsuccessful and ultimately advised, by way of telephone, that the modification could not be granted on September 23, 2013. (FAC ¶¶ 34-37).

Thereafter, and on or about October 1, 2013, Plaintiff was advised by Defendant that he would be required to pay an additional escrow amount of $364.26 as a part of his monthly mortgage payment under the note. (FAC ¶ 43). Plaintiff claims he "was never informed that this additional escrow amount would occur and challenged Defendant [] as to this additional fee which ha[d] been

occurring since October 1, 2013." (FAC ¶ 39). Defendant advised Plaintiff that the increase "was part of the [loan] modification process and was irreversible." (Id.) (internal quotation marks omitted).

Accordingly, Plaintiff brought the within action asserting a single count for breach of contract on September 28, 2016. (*See generally* Compl.). Plaintiff's FAC seeks "*monetary damages in the principal amount of $13,798.92* ([c]alculated based upon the additional escrow amounts of $364.26 for (6) months, $404.58 for the month of April, 2014, $370.16 from the months of May to October, 2014, $370.56 from the months of November 2014 to October, 2015, and $412.86 from the months [*sic*] of November 2015 to present)." (FAC ¶ 55)(emphasis added). Additionally, Plaintiff seeks "$10,000.00 for relocation expenses incurred as a result of Defendant's" conduct. (FAC ¶ 56).

## II. ANALYSIS

Under Rule 12 (b)(1) of the Federal Rules of Civil Procedure, a Defendant may move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff, as the party asserting jurisdiction, bears the burden to establish the federal court's authority to hear the matter. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). Pursuant to 28 U.S.C. § 1332, this Court may hear actions where Plaintiff alleges complete diversity and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). The Court must look to the face of the pleadings and the proofs to determine whether the plaintiff meets this amount by a "legal certainty." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). A Court is without subject matter jurisdiction if a plaintiff fails to allege the requisite amount in controversy.

*See, e.g., Prof'l Cleaning & Innovative Bldg. Servs. v. Kennedy Funding, Inc.*, 2009 WL 1651131, at *14 (D.N.J. June 12, 2009).

Here, Plaintiff's FAC must, once again, be dismissed as he has failed to properly allege the requisite $75,000.00 amount in controversy required by 28 U.SC. § 1332(a). While FAC states that the amount in controversy amount is met because the "appraised value of the property and the allegations presented herein exceed[] $75,000.00," (FAC ¶ 10), Plaintiff actually seeks damages totaling $23,798.92. (*see* FAC "Prayer for Relief" ¶¶ 1, 3). In his Opposition to the Motion to Dismiss, Plaintiff avers that the purported value of the subject property is $143, 675.28. (Pl. Opp. Br. at 3). Unfortunately, Plaintiff's assertion by way of brief in opposition is not an allegation in FAC. Moreover, even if said valuation was included in the FAC, Plaintiff fails to explain how such a valuation relates to his breach of contract claim based on an increased escrow payment. As discussed, without the necessary amount of controversy, this Court is without subject matter jurisdiction. Accordingly, Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is granted, as Plaintiff's FAC fails to confer subject matter jurisdiction upon this Court pursuant to 28 U.S.C. § 1332.

### III. <u>CONCLUSION</u>

For the aforementioned reasons, Defendant's Motion to Dismiss the Complaint is granted without prejudice. Plaintiff is hereby granted leave to file a Second Amended Complaint ("SAC"), and shall file same on or before September 28, 2017. SAC must address the deficiencies identified herein, and shall include a separate section for each cause of action being asserted. Each section shall contain separate numbered paragraphs with substantive facts relating to the cause of action

being asserted. *See* Fed. R. Civ. P. 8, 10. Finally, Plaintiff shall address the subject matter jurisdiction issue discussed above. Failure to comply with these instructions shall result in a dismissal *with* prejudice. An appropriate Order accompanies this Opinion.

DATED: August 31, 2017

/s/ José L. Linares
JOSÉ L. LINARES
Chief Judge, United States District Court