NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUSTIN MARCHI,<br><br>        Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, as Loan Servicer on behalf of owner/investor Freddie Mac,<br><br>        Defendant. | Civil Action No.: 16-6044 (JLL)<br><br>OPINION |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of *sua sponte* screening of Plaintiff's Second Amended Complaint (ECF No. 28 ("SAC")). For the reasons set forth below, the Court grants Defendant's Motion.

## I.     BACKGROUND[1]

The Court presumes the parties are familiar with the factual background and the allegations asserted in the SAC based on the parties' own involvement in this case as well as this Court's Opinions dated December 5, 2016 and August 31, 2017. (ECF Nos. 9, 25). Accordingly the Court will set forth a brief procedural background.

On September 28, 2016, *pro se* Plaintiff filed an action against Defendant Nationstar Mortgage, LLC for breach of contract, asserting diversity jurisdiction. (ECF No. 1). Plaintiff's Complaint was dismissed for lack of subject matter jurisdiction on December 5, 2016. (ECF Nos.

---

[1] This background is derived from Plaintiff's Second Amended Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

9, 10). Specifically, the Complaint was dismissed as it failed to meet the amount in controversy requirement set forth in 28 U.S.C. § 1332(a). (Id.; id.). Plaintiff was granted leave to file a First Amended Complaint and filed same on April 24, 2017. (ECF No. 17 ("FAC")).

Plaintiff's FAC was dismissed by this Court for the same exact reasons that Plaintiff's original Complaint was dismissed. (ECF No. 25). Specifically, Plaintiff's FAC failed to properly allege damages greater than $75,000. (Id. at 4). This Court granted Plaintiff leave to file a Second Amended Complaint and directed him to remedy the amount in controversy deficiency that was contained in both the original Complaint and the FAC. (Id. at 4-5). Plaintiff had until September 28, 2017 to file his SAC. (ECF No. 24). Failure to do so would result in dismissal of Plaintiff's case "*with* prejudice." (Id.) (emphasis in original).

On September 29, 2017, this Court dismissed Plaintiff's case, as it had not received Plaintiff's SAC as required by the August 31, 2017 Opinion and Order. However, on October 3, 2017, this Court received Plaintiff's SAC. (ECF No. 28). The date stamp indicates that Plaintiff's SAC was received by the Court on September 29, 2017. (Id.). This Court has chosen to review Plaintiff's late SAC to ascertain whether jurisdiction is properly alleged.

## II. ANALYSIS

The Court first notes that Plaintiff's SAC is untimely. This Court provided Plaintiff with 28 days to file a Second Amended Complaint, yet Plaintiff's SAC was received thereafter. Hence, this matter should remain closed with prejudice as untimely. Moreover, even if Plaintiff's SAC was timely, it would have to be dismissed as it still fails to properly allege the requisite amount in controversy necessary for diversity jurisdiction.

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a Defendant may move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff, as the party asserting jurisdiction, bears the burden to establish the federal court's authority to hear the matter. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). Pursuant to 28 U.S.C. § 1332, this Court may hear actions where Plaintiff alleges complete diversity and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). The Court must look to the face of the pleadings and the proofs to determine whether the plaintiff meets this amount by a "legal certainty." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). A Court is without subject matter jurisdiction if a plaintiff fails to allege the requisite amount in controversy. *See, e.g.*, *Prof'l Cleaning & Innovative Bldg. Servs. v. Kennedy Funding, Inc.*, 2009 WL 1651131, at *14 (D.N.J. June 12, 2009).

Here, Plaintiff's SAC must, once again, be dismissed as he has failed to properly allege the requisite amount in controversy required by 28 U.SC. § 1332(a). The SAC contains the same exact allegations as the FAC. (*See* SAC *cf.* FAC). Plaintiff, again, asserts that the amount in controversy amount is met because "market value of the property was, and is, in excess of $75,000.00." (SAC ¶ 1). However, just as was the case with Plaintiff's original Complaint and his FAC, the reality is Plaintiff is actually seeking damages totaling $27,514.66 plus statutory interest. (SAC ¶¶ 59-61). Apparently, Plaintiff has read this Court's Opinions and determined that asserting a claim for future economic loss in his "Prayer for Relief" would be sufficient grounds for diversity jurisdiction. (*See* SAC "Prayer for Relief" *cf.* FAC "Prayer for Relief").

However, even if said valuation of the property was included in the SAC, Plaintiff fails to explain how such a valuation relates to his breach of contract claim based on an increased escrow

payment. As discussed, without the necessary amount of controversy, this Court is without subject matter jurisdiction. Accordingly, Plaintiff's untimely SAC fails to confer subject matter jurisdiction upon this Court pursuant to 28 U.S.C. § 1332.

### III. CONCLUSION

For the aforementioned reasons, the Court dismisses the SAC as untimely and for lack of subject matter jurisdiction with prejudice. An appropriate Order accompanies this Opinion.

DATED: October 4, 2017

_____
JOSE L. LINARES
Chief Judge, United States District Court